JOHN J. CRANDALL v. THE TRUSTEES OF SCHOOL DISTRICT No. 38, OF THE COUNTY OF GLOUCESTER, AND GEORGE W. CARR.

At a *special* meeting called by the board of trustees of a school district to build an addition to a school house, a majority of the votes of the taxable residents present at the meeting is sufficient authority to act.

---

On *certiorari*.

Argued at June Term, 1888, before Justices SCUDDER and REED.

For the prosecutor, *J. J. Crandall*.

For the defendants, *J. W. Wartman*.

The opinion of the court was delivered by

SCUDDER, J. The prosecutor, who is a taxable resident voter in this school district, objects to the appropriation made for building an addition to the school house, and the issuing of bonds to pay for the same, because they were not authorized by a majority of the taxable residents of the school district present and voting at the meeting called to act on these propositions. At a meeting called in due form by the trustees of the school district, and held September 8th, 1888, resolutions were passed to the effect that the district should raise, by taxation, the sum of $2,000, for the purpose of building an addition to the school house; and issue bonds therefor. It is admitted that these resolutions received a majority of the votes of those present at the meeting, but, as there was not a majority of the taxable residents present and voting on the propositions, their legality is denied.

Section 1 of the act of March 11th, 1880, has been construed in *Point Pleasant* v. *Trustees*, 18 *Vroom* 235, and *Quaid* v. *Trustees*, 20 *Id.* 607, as requiring that a majority of the taxable residents must be present and vote for appropriations. This section has since been amended by the act of March 22d, 1886 (*Rev. Sup., p.* 930, § 46), but neither the original nor the amended section is applicable to the present case, for they relate only to the annual meeting, held at the time appointed by statute. This meeting, on September 8th, 1888, was a special meeting, called by the trustees of the school district, under section 39, paragraph 11, of the General School law (*Rev., pp.* 1076, 1077), by which the board of trustees of any school district shall have power, and it shall be their duty, to call a special meeting of the legal voters of the district at any time when, in the judgment of said trustees, the interests of the school may require it, &c. It is prescribed in paragraph 3 of section 39 that for such acts as erecting, enlarging, repairing or improving school buildings, &c., the trustees shall have the previous authority of a vote of the district. This section, 39, and the act of April 23d, 1888 (*Pamph. L., p.* 472), which authorizes the board of trustees to issue the bonds of the

district for building school houses, making additions, &c., by the consent of a majority of those present, at a meeting called under it, give sufficient authority for the resolutions passed at the meeting to make the addition and issue bonds for payment. It is not said, in any of the sections relating to this subject, that there shall be a majority of the taxable residents present and voting at a special meeting called by the trustees. If, therefore, the call of this meeting was regularly made, and only such business transacted as was set forth in the notices by which the meeting was called, it was sufficient if a majority of the taxable residents present at the meeting voted for the appropriation.

It appears that the defendant, George W. Carr, was made a party because he is the contractor to build the proposed addition to the school house, and to conclude him by the judgment.

The *certiorari* will be dismissed, with costs.